# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAJKO MARKOVIC, <br><br> Plaintiff, <br><br> v. <br><br> MILWAUKEE SECURE DETENTION FACILITY, SECURITY DIRECTOR MILLER, CAPTAIN GEGARE, CAPTAIN MORRIS, DOCTOR HOHFELER, DOCTOR MCQUIRE, and CPT KARZMERK, <br><br> Defendants. | Case No. 19-CV-675-JPS <br><br><br> **ORDER** |

Plaintiff, who is incarcerated at Dodge Correctional Institution ("DCI"), filed a *pro se* complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (Docket #1 and #2). Plaintiff has been assessed and paid an initial partial filing fee of $21.06. 28 U.S.C. § 1915(b)(4).

After filing his initial complaint, Plaintiff subsequently filed two addenda to his complaint, which he labeled as motions to amend his complaint. (Docket #11, #12). The Court usually does not allow this type of piecemeal pleading, with allegations spread across multiple different documents. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998) (an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint). However, because the Court's consideration of Plaintiff's two addenda along with his complaint will not change the outcome of this screening, the Court will grant Plaintiff's motions to amend

and will consider all three filings, (Docket #1, #11, and #12), as the operative complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are not especially clear, and, as noted above, they are scattered in three different documents. (Docket #1, #11-1, and #12). Despite these issues, the Court can glean the relevant facts. During the time relevant to Plaintiff's complaint, he was confined in the Milwaukee Secure Detention Facility. Sometime on November 12, 2018, Plaintiff attempted to

take his own life. (Docket #11-1 at 1). Because of this, he was moved to a segregated area and placed in four-point restraints. (Docket #1 at 3). He was kept in restraints for eight hours. *Id.*[1] Plaintiff complains that during this time, he was not given "range of motion" every two hours, was not given water every hour, was not provided an hourly bathroom break, and was not allowed to shower for 24 hours. *Id.* at 2.

At some point during the day or evening on November 12, Plaintiff asked Officer Gregory Koestering ("Koestering"), who is not named as a defendant, to use the bathroom. (Docket #12). Koestering either did not let Plaintiff use a bathroom or did not get to Plaintiff in time; Plaintiff was left to urinate on himself. *Id.* Captain Gegare and Captain Kaczmarek, who were on duty at the time, went to Plaintiff's cell and changed his clothes. *Id.*

At 1:25 am on November 13, Plaintiff asked to be released from the restraints because he had been compliant with officers' instructions and was no longer a threat to the safety of himself or anyone else. (Docket #11-1 at 1). Captain Morris consulted with someone in the psychiatric services unit who instructed that Plaintiff should remain in restraints until the morning when he could be evaluated. *Id.* Plaintiff was kept in restraints until 7:05 a.m. when, presumably, he was evaluated and cleared for release from restraints. *Id.*

Plaintiff's allegations suggest a claim under the Eighth Amendment, but they fall short of stating such a claim. The Eighth Amendment is generally understood to prohibit punishments which "involve the

---

[1] Plaintiff later alleges he was kept this way for three days. (Docket #1 at 3). But this conflicts with his eight-hour allegation, and with his assertion that these events happened from November 12 to November 13, 2019. (Docket #1 at 3, #11-1 at 1, #12). Therefore, the Court will accept Plaintiff's allegation that he was kept in restraints for eight hours.

unnecessary and wanton infliction of pain" or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quotations and internal marks omitted). Punishment involves the "unnecessary and wanton" infliction of pain when it is "totally without penological justification." *Id.* (quotations omitted). Conditions of confinement will be found to violate the Eighth Amendment when they fall below the "the minimal civilized measure of life's necessities." *Id.* at 347.

In addition, to state an Eighth Amendment claim, Plaintiff must allege that the defendants possessed the requisite mental state, *i.e.*, that they denied Plaintiff civilized conditions of confinement intentionally or recklessly: "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). This standard is exceedingly high: "Even if a defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Farmer,* 511 U.S. at 843).

Although keeping an inmate in restraints for an extended period and leaving him to soil himself while restrained sounds harsh in the abstract, prison-conditions claims are not to be evaluated in a vacuum. *See Scarver v. Litscher,* 434 F.3d 972, 976–77 (7th Cir. 2006). For example, conditions of confinement must be evaluated in relation to the inmate's own behavior. *See Gillis v. Litscher*, 468 F.3d 488, 493–94 (7th Cir. 2006). According to his own allegations, the restraints used on Plaintiff were non-punitive and designed, instead, to prevent him from harming himself or others. There

was a clear penological purpose for keeping Plaintiff confined in this way until morning, when a medical professional could evaluate him: keeping him safe from himself. The mere fact that Plaintiff did not enjoy being restrained does not make it punishment.

Leaving Plaintiff to urinate on himself, on the other hand, is not a safety measure; it is a degrading and humiliating result of being restrained for a prolonged time. Absent a justification for such a condition, this could fall within the meaning of cruel and unusual punishment proscribed by the Eighth Amendment. However, to state an Eighth Amendment claim on this condition, Plaintiff must also plausibly allege that Defendants' leaving him to urinate on himself was done with deliberate indifference to his well-being and safety. Plaintiff has not alleged this. Instead, he alleges that the reason he was restrained was for his own safety, and that soon after he soiled himself, two guards changed his clothes. This does not rise to the level of an Eighth Amendment claim. *See Bowers v. Pollard*, 602 F. Supp. 2d 977, 987–94 (E.D. Wis. 2009), *aff'd,* 345 F. App'x 191 (7th Cir. 2009) (granting summary judgment on Eighth Amendment claim where inmate was subjected to the use of five-point restraints on as many as fifteen occasions for as long as twelve hours at time, was restrained without clothing, and at times urinated and defected on himself as a result of being strapped down for so long, because the restraints were a non-punitive measure to prevent the inmate from harming himself and others).

Finally, Plaintiff's allegations that he was not given hourly water and range-of-motion breaks do not amount to a constitutional violation. It appears he believes these breaks are required by some administrative regulations relating to inmate restraints. If so, the Court has not located them. Wisconsin does regulate the manner in which inmates can be

was a clear penological purpose for keeping Plaintiff confined in this way until morning, when a medical professional could evaluate him: keeping him safe from himself. The mere fact that Plaintiff did not enjoy being restrained does not make it punishment.

Leaving Plaintiff to urinate on himself, on the other hand, is not a safety measure; it is a degrading and humiliating result of being restrained for a prolonged time. Absent a justification for such a condition, this could fall within the meaning of cruel and unusual punishment proscribed by the Eighth Amendment. However, to state an Eighth Amendment claim on this condition, Plaintiff must also plausibly allege that Defendants' leaving him to urinate on himself was done with deliberate indifference to his well-being and safety. Plaintiff has not alleged this. Instead, he alleges that the reason he was restrained was for his own safety, and that soon after he soiled himself, two guards changed his clothes. This does not rise to the level of an Eighth Amendment claim. *See Bowers v. Pollard*, 602 F. Supp. 2d 977, 987–94 (E.D. Wis. 2009), *aff'd,* 345 F. App'x 191 (7th Cir. 2009) (granting summary judgment on Eighth Amendment claim where inmate was subjected to the use of five-point restraints on as many as fifteen occasions for as long as twelve hours at time, was restrained without clothing, and at times urinated and defected on himself as a result of being strapped down for so long, because the restraints were a non-punitive measure to prevent the inmate from harming himself and others).

Finally, Plaintiff's allegations that he was not given hourly water and range-of-motion breaks do not amount to a constitutional violation. It appears he believes these breaks are required by some administrative regulations relating to inmate restraints. If so, the Court has not located them. Wisconsin does regulate the manner in which inmates can be

mechanically restrained, but not in the manner Plaintiff suggests. *See* Wis. Admin. Code § DOC 306.11(3)(c) ("If possible, staff may release an inmate from restraints to perform bodily functions and for meals."); *Id.* § DOC 306.11(3)(e) (limiting the amount of time an inmate can be restrained to twelve hours absent an evaluation by a psychologist or a psychiatrist and a member of the medical staff). Further, if even Plaintiff had alleged that Defendants deviated from Wisconsin prison regulations, such an allegation is not sufficient to state an Eighth Amendment claim. *See Fuller v. Dillon*, 236 F.3d 876, 880 (7th Cir. 2001) (prison officials' failure to follow state administrative rules is not, in and of itself, a constitutional violation).

In sum, assuming the truth of all allegations in Plaintiffs' pleadings, he cannot succeed in proving that Defendants violated his Eighth Amendment rights. His complaint will be dismissed with prejudice for failure to state a claim. His motions for appointed counsel will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS ORDERED** that Plaintiff's motions for leave to amend his complaint (Docket #11 and #12) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS ORDERED** that Plaintiff's motions for the appointment of counsel (Docket #8 and #10) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $325.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge